UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Warren Parks,
    Petitioner,

vs                                Case No. 1:08cv176
                                     (Spiegel, S.J.; Black, M.J.)

Ohio Attorney General, et al.,
    Respondents.

## REPORT AND RECOMMENDATION

Petitioner, who currently resides in Hamilton, Ohio, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 essentially challenging both a detainer that he claims was lodged against him by the Butler County, Ohio, Common Pleas Court when he was incarcerated in Indiana as well as his probation revocation in the Butler County case. (*See* Doc. 2).[1] This matter is before the Court on respondent's motion to dismiss filed on September 15, 2008 (Doc. 23), and petitioner's reply to the motion to dismiss (Doc. 24).[2]

### Procedural Background

Petitioner was placed in state custody pursuant to a "Judgment Of Conviction Entry" filed on April 19, 1993 by the Butler County, Ohio, Court of

---

[1] It appears from the record that when the instant action commenced, petitioner was incarcerated at the Wayne County Jail in Richmond, Indiana. He initially filed the petition with the United States District Court for the Southern District of Indiana on October 22, 2007. The case was transferred to this Court for all further proceedings on March 14, 2008. (*See* Doc. 1).

[2] In a separate Order issued this date, the undersigned also has denied as moot a number of non-dispositive motions filed by petitioner in the instant case.

Common Pleas upon acceptance of petitioner's guilty plea in Case No. CR92-12-1059 to trafficking in counterfeit controlled substance in violation of Ohio Rev. Code § 2925.37(B), and attached prior conviction specification. (*See* Doc. 23, Exs. 1-5). Petitioner was sentenced to a two to ten year prison term, which was suspended; he was placed on probation "for an indeterminate period not to exceed Five (5) years." (*Id.*, Ex. 5).

On March 20, 1995, the Butler County court issued a capias warrant for petitioner's arrest because petitioner had "absconded & his whereabouts [we]re unknown;" in addition, an Order was entered to "estop probation period for absconding." (*See id.*, Ex. 6 & Ex. 25, p. 4). It appears from the state court docket records that the capias warrant was recalled on December 14, 1995 after it was returned from the sheriff unexecuted on December 1, 1995. (*Id.*, Ex. 25, p. 4). On May 21, 1996, the court issued another capias warrant for petitioner's arrest and an Order "to estop probation period for absconding." (*Id.*).

On June 10, 1997, over two years after the initial capias warrant was issued, the Butler County court reinstated petitioner "to active probation." (*Id.*, Ex. 6). However, on November 10, 1998, the court issued a new capias warrant for petitioner's arrest and entered an Order "to estop probation period for absconding." (*Id.*, Ex. 25, p. 3). The state court docket records reflect that the next entry in petitioner's case was filed over seven years later, on December 13, 2005, when petitioner was personally served with the capias warrant and placed in the Butler County Jail upon his arrest for a burglary offense in Miami County, Ohio. (*Id.*; *see also* Exs. 8, 9).

On January 5, 2006, petitioner filed a *pro se* motion to mitigate sentence and a *pro se* application for writ of habeas corpus with the Butler County Common Pleas Court. (*Id.*, Exs. 7, 8). He claimed in his habeas corpus application that he had already "serve[d] his time" for the trafficking offense; in his motion to mitigate sentence, he also alleged that "on or about January" 2000, he "file[d] a motion on detainers" and never received a response to the motion from "Prosecution []or probation." (*See id.*). Apparently, the trial court never ruled on either of these motions.

On January 9, 2006, the Chief Probation Officer of the Butler County Adult Probation Department (BCAPD) filed a "Report and Notice of Violation Hearing

2

In Custody," charging petitioner with violating the following probation conditions:

> **Contrary to Rule One of the Conditions of Supervision:**
> The defendant is currently being held in the Butler County Jail on a warrant out of Miami County, Ohio for the Offense of Burglary.
>
> **Contrary to Rule Two of the Conditions of Supervision:**
> On January 27, 1998 the defendant absconded from supervision.

(*Id.*, Ex. 9).

A hearing was held on January 12, 2006, where a magistrate found probable cause that petitioner had violated the conditions of supervision and scheduled a probation revocation hearing for February 3, 2006. (*Id.*, Ex. 10). On January 30, 2006, petitioner filed a motion to dismiss the probation violation charges with the Butler County Common Pleas Court; although the copy of the pleading filed in this case is difficult to decipher, it appears that petitioner claimed in the motion that a Hamilton, Ohio, municipal judge had "nolled his charge" and that the Ohio authorities had not responded in a timely manner to his request in 2000 or 2001 for a disposition of the detainer under the Interstate Agreement on Detainers (IAD), as codified in Ohio Rev. Code § 2963.30, when he was in the custody of the State of Indiana. (*See id.*, Ex. 11). The common pleas court summarily overruled the motion in a Decision and Judgment Entry filed February 23, 2006. (*Id.*, Ex. 12).[3]

The probation revocation hearing apparently was held on February 13, 2006, where petitioner was present and assisted by counsel. (*See id.*, Ex. 13). On March 23, 2006, the Butler County Common Pleas Court filed an Entry finding

---

[3] Over two years later, on May 7, 2008, petitioner filed a *pro se* notice of appeal from this entry. On the same date, he also filed *pro se* a notice of delayed appeal "from the Judg[]ment of The Butler County Common Plea[s] on January 30, 2006," as well as a motion to stay the appeal proceedings. (Doc. 23, Exs. 19-21). In a *pro se* brief filed in July 2008, petitioner asserted two assignments of error challenging the probation volation charges, essentially because he was not tried within 180 days after he requested a disposition of the charges. (*Id.*, Ex. 28). On July 29, 2008, the Court of Appeals of Butler County denied petitioner's motion for delayed appeal because the "common pleas court docket in the underlying case (Butler C.P. No. CR1992-12-1059) indicates that there was no judgment entry filed on January 30, 2006." (*Id.*, Ex. 29).

that petitioner had violated "Rule No. Two as set forth in the Notice of Alleged Violation previously filed with the Clerk of Courts" and that the charge of a "violation of Rule One was withdrawn by the State." (*Id.*, Ex. 13). The court ordered, among other things, that petitioner be "continued on probation for six additional months commencing today until **August 13, 2006**." (*Id.*) (emphasis in original). The court also stated in conclusion: "In the event the defendant violates any of the conditions of his probation, the original prison sentence of 2 to 10 years will be imposed." (*Id.*).

According to the state court docket records, soon thereafter, on May 24, 2006, the "court adminstration office" scheduled a probation violation hearing for May 26, 2006. (*Id.*, Ex. 25, p. 2). Next, on August 23, 2006, the court filed a "Report and Notice of Violation Hearing (At Large)" that had been submitted by the BCAPD Chief Probation Officer and ordered that a capias warrant for petitioner's arrest be issued. (*Id.* & Ex. 14). The "Notice of Alleged Violations" attached to the Report charged petitioner with the following probation violations:

> TO WIT: THE DEFENDANT FAILED TO SHOW UP TO THE ADULT PROBATION DEPARTMENT ON JUNE 13, 200[]6. THIS OFFICER HAS ATTEMPTED PHONE CONTACTS AND HAS ALSO VISITED THE DEFENDANT'S LAST KNOWN ADDRESS. THIS IS A VIOLATION OF RULE #5, I will follow all orders verbal or written given to me by my supervising officer or other authorized representatives of the Court or the Department of Rehabilitation and Correction.
>
> TO WIT: THE DEFENDANT HAS FAILED TO PAY FINES, FEE, COURT COSTS AND SUPERVISION FEES, THUS VIOLATING RULE #12, I agree to comply with all financial obligations, including child support, as ordered by any court and/or the Department of Rehabilitation and Correction. Including a monthly Probation Fee as set by the court, of not less than $15.

(*Id.*, Ex. 14).

On August 28, 2006, a capias warrant for petitioner's arrest was issued. (*See id.*, Ex. 25, p. 2). The state court docket records reflect that no activity occurred

thereafter in Butler County Case No. CR92-12-1059 until February 27, 2008 when petitioner filed a *pro se* motion with the Butler County Common Pleas Court to terminate probation based on his indigency and inability to pay fines, fees and court costs. (*Id.* & Ex. 15).[4] On April 2, 2008, the court summarily overruled the motion as not "well taken." (*Id.*, Ex.16).

It appears from updated state court docket records obtained from the Butler County Clerk of Court's on-line docket system that petitioner was arrested on the August 28, 2006 capias warrant in August 2008. On August 26, 2008, petitioner filed a *pro se* motion to dismiss the probation violation charges "for failure to have Petitioner tried within ... 180 days."[5] Petitioner argued in the motion that on November 8, 2001, he filed a "Notice of Untried Indictment, Information Or Complaint And Of Right To Request Disposition" pursuant to the IAD in the Butler County Common Pleas Court, and that the "State of Indiana fail[ed] to bring Petitioner to trial within 180 days and never issued a continuance." Petitioner attached to the motion a copy of the notice that he purportedly filed in November 2001 with the Butler County Common Pleas Court; the notice, however, pertained to another case before the Hamilton Municipal Court apparently involving criminal charges brought against petitioner in 2000 for theft and contributing to the delinquency of a minor.

It appears from the updated on-line docket records for Case No. CR92-12-1059 that the Butler County Common Pleas never ruled on petitioner's motion to dismiss. Instead, in September 2008, counsel was appointed to represent petitioner and, upon the magistrate's finding of probable cause for the probation violation charges brought in August 2006, a probation revocation hearing was held on September 19, 2008. On October 28, 2008, the Butler County Common

---

[4] According to respondent, petitioner did file a complaint for writ of mandamus in the Supreme Court of Ohio on January 7, 2008, wherein he requested the issuance of an order requiring the State of Ohio and Butler County Common Pleas Court to "recall a warrant issued against [him] on Aug-28-2006." (Doc. 23, Brief, p. 5 & Exs. 22, 27). The State responded by filing a motion to dismiss, which was granted without opinion on March 12, 2008. (*See id.*, Exs. 23-24).

[5] The motion to dismiss, which was not submitted by either party for consideration in this case, was obtained from the Butler County Clerk of Court's on-line docket records for Case No. CR92-12-1059.

5

Pleas Court issued an Order, finding that "the defendant has violated the conditions of his Probation, in that, said defendant has violated Rule No. Twelve as set forth in the Notice of Alleged Violation previously filed with the Clerk of Courts."[6] The court also ordered that petitioner's sanction was "time served from August 15, 2008 thru October 20, 2008," and that petitioner's supervision by the BCAPD "shall be **administratively terminated**." (Emphasis in original).

It appears from the Butler County Clerk of Court's on-line docket records that, during the period after his arrest in August 2008 on the August 2006 probation violation charges but before the Butler County Court of Common Pleas ruled on those charges, petitioner filed a petition for writ habeas corpus with the Butler County Common Pleas Court in Case No. CV08-08-3861 challenging his incarceration on the probation violation charges. On September 25, 2008, the court dismissed the petition. Petitioner appealed this ruling to the Ohio Court of Appeals, Twelfth Appellate District, in Case No. CA08-10-0246. On November 25, 2008, the Court of Appeals granted a motion filed by the State to dismiss the appeal as moot, because by that time petitioner had been released from the Butler County Jail and his probation terminated.

Petitioner apparently commenced the instant federal habeas corpus action in October 2007, when he was incarcerated in Indiana. At that time, the capias warrant issued in August 2006 had not yet been served on him, and apparently was lodged as a detainer to ensure that he would be transferred to Butler County to answer the outstanding probation violation charges on his release from Indiana's custody.

In the petition, petitioner asserts four claims for relief:

**Ground One:** The court failed to have me tried within the 180 day rule. By failure to have me convicted in the 180 days, the respondent court has exceeded its jurisdiction, and all grounds are lost to [prosecuting] me again or to extradiction of Petitioner.

---

[6] A copy of this Entry may be obtained from the Butler County Clerk of Court's on-line docket records for Case No. CR92-12-1059.

6

> **Ground Two:** In the year 2000 or 2001[,] I was at the Westville Correction, when [I] learned of a holder that was lodge[d] against me out of Butler County Common Plea[s] Court[.] Then I filed for final disposition with the Clerk of Courts ... in Hamilton, Ohio.... The prosecutor failed to have me convicted within the time that the detainer allowed. All grounds for extradiction are null[ifi]ed by law.
>
> **Ground Three:** In 2000[,] the case was ruled nulled[;] then 6 years later they want to ... try me for probation violation again. That[']s Double Jeopardy.
>
> **Ground Four:** This case is to be dismiss[ed ]without prejudice. Not tried again 6 years later; that's double jeopardy.

(Doc. 2, pp. 5-6).

In response to the petition, respondent has filed a motion to dismiss. (Doc. 23). Respondent contends that the petition is subject to dismissal without prejudice because petitioner has not exhausted an available state court remedy. (*Id.*, pp. 6-8). Alternatively, respondent argues that the petition should be dismissed because petitioner's claims for relief are plainly lacking in merit. (*Id.*, pp. 8-9). Petitioner opposes respondent's motion to dismiss. (Doc. 24).

## OPINION

### Respondent's Motion To Dismiss (Doc. 23) Should Be Granted Because It Appears That Petitioner's Claims Challenging Probation Revocation Proceedings Are Moot, And Alternatively, Are Plainly Lacking In Merit

As an initial matter, at this juncture, it does not appear that the instant petition for federal habeas corpus relief poses an exhaustion issue as respondent has argued in the motion to dismiss, but other serious concerns have been triggered regarding the Court's jurisdiction to consider petitioner's claims.

Because it appears from the record that petitioner has been released from state custody and is no longer subject to the supervision of the BCAPD under the

sentence imposed in the challenged Butler County Case No. CR92-12-1059, no state court remedy remains available for petitioner to pursue relief on the probation violation charges filed against him in January and August 2006. However, for the same reason, it now appears that the petition is subject to dismissal because petitioner's claims for relief have been rendered moot.

In this case, the "in custody" jurisdictional requirement set forth in 28 U.S.C. § 2254 is satisfied because petitioner was in custody pursuant to the judgment of a state court at the time the petition was filed. However, Article III, § 2 of the Constitution requires the existence of a case or controversy through all stages of a federal judicial proceeding. This means that, throughout the entire proceedings, the petitioner "must have suffered, or be threatened with, an actual injury ... likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).

A prisoner's or probationer/parolee's challenge to the validity of his criminal conviction satisfies the case-or-controversy requirement, because the incarceration or probation/parole restriction "constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Id.* "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or [probation/parole period]–some 'collateral consequence' of the conviction–must exist if the suit is to be maintained." *Id.* (citing *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968)).

In cases where the petitioner seeks to challenge his criminal conviction in a habeas corpus action, it is presumed that "collateral consequences" exist even after the petitioner's sentence has expired that are adequate to meet Article III's injury-in-fact requirement. *Spencer*, 523 U.S. at 7 (citing *Sibron v. New York*, 392 U.S. 40, 55-56 (1968)); *see also Lane v. Williams*, 455 U.S. 624, 631-32 (1982). This presumption, however, does not extend to probation or parole revocations. *See Spencer*, 523 U.S. at 7-14 (declining to extend the presumption to a habeas petition challenging a parole revocation); *United States v. Kissinger*, 309 F.3d 179, 181-82 (3rd Cir. 2002) (and cases from 2nd, 5th, and 10th circuits cited therein) (holding that *Spencer* "is not limited to the parole context, but applies with equal force in the probation context," and therefore "collateral consequences" could not be presumed from the "unconditionally released" convict's "allegedly invalid

8

probation revocation").[7]

Therefore, in cases such as this, involving an attack on the revocation of supervised release by one who has completed the sentence imposed upon revocation, the petitioner bears the burden of demonstrating the existence of actual collateral consequences arising from the challenged revocation. In the absence of such a showing, the petitioner's claims are rendered moot by the completion of the petitioner's term of imprisonment. *See Prowell v. Hemingway*, No. Civ.A. 99-CV-73945-DT, 2000 WL 246595, at *4 (E.D. Mich. Feb. 11, 2000) (unpublished) (citing *Spencer*, 523 U.S. at 14), *aff'd*, 234 F.3d 1269 (table), No. 00-1197, 2000 WL 1679451 (6th Cir. Nov. 1, 2000); *see also United States v. Hardy*, 545 F.3d 280, 284 (4th Cir. 2008) (and cases cited therein).

Here, petitioner is unable to demonstrate that his claims for relief fall within an exception to the mootness doctrine for claims that "are capable of repetition yet evade review." *See Fredette v. Hemingway*, 65 Fed.Appx. 929, 931 (6th Cir. Apr. 1, 2003) (not published in Federal Reporter) (citing *Speer v. City of Oregon*, 847 F.2d 310, 311 (6th Cir. 1988)), *cert. denied*, 538 U.S. 1045 (2003).[8] Under that exception, it must be shown not only that the challenged action was too short in duration to be fully litigated prior to its cessation or expiration, but also that "there was a reasonable expectation that the *same* complaining party would be subjected to the same action again." *Id.* (quoting *Sandison v. Michigan High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1029-30 (6th Cir. 1995) (in turn quoting *Murphy v. Hunt*,

---

[7] *See also United States v. Hardy*, 545 F.3d 280, 284 (4th Cir. 2008) (agreeing with "sister circuits that *Spencer*'s holding logically extends to revocations of supervised release"); *cf. Lane*, 455 U.S. at 632-34 (holding that the doctrine of *Carafas* and *Sibron* was not applicable in habeas case where petitioners challenged only their sentences on the ground that the trial court had failed to advise them of a state mandatory parole requirement before accepting their guilty pleas).

[8] In *Fredette*, the petitioner sought to prevent his transfer from a federal correctional institution in Michigan to the State of Florida pursuant to a detainer lodged against him by Florida under the IAD. *Fredette*, 65 Fed.Appx. at 930. The Sixth Circuit held that because the petitioner had already been transferred to Florida authorities, his claim for relief was moot. *Id.* at 931. Similarly, to the extent that petitioner seeks to challenge any detainers for probation violations that were lodged against him in Butler County Case No. CR92-12-1059 when he was incarcerated in Indiana, such claim was rendered moot when petitioner was arrested and placed in the Butler County Jail pursuant to those warrants.

455 U.S. 478, 482 (1982)) (emphasis added). No such showing can be made in this case because petitioner's probation terminated in October 2008, and petitioner therefore can no longer be subjected to probation violation charges by the BCAPD in Butler County Case No. CR92-12-1059.

In addition, based on the present record, it appears that no collateral consequences arose from the probation revocation proceedings that were held and resulted in findings that petitioner violated conditions of his probation in Butler County Case No. CR92-12-1059. The courts have rejected "[c]laims of detriment in a future parole or sentencing proceeding, impeachment in a future criminal or civil proceeding, use against the petitioner as a defendant in a future criminal proceeding, and possible effects on filing a civil rights lawsuit under 42 U.S.C. § 1983," as well as claims of harm stemming from having to pay monthly fees to the probation office during the period of extended supervised release, as sufficient proof of collateral consequences. *Prowell, supra,* 2000 WL 246595, at *4 (and numerous cases cited therein); *see also United States v. Clark,* 193 F.3d 845, 847-48 (5th Cir. 1999).

Finally, the Fourth Circuit recently held that a finding of mootness cannot be avoided based on the argument, which also has been raised by petitioner in the instant case, that the trial court lacked jurisdiction in the first instance to revoke a criminal defendant's supervised release. *Hardy,* 545 F.3d at 284-85. In so ruling, the Fourth Circuit reasoned that although "'there is no unyielding jurisdictional hierarchy' with respect to the order in which a court must address jurisdictional issues, ... that rule is of no moment in this case because 'mootness, however, it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.'" *Id.* at 284 (quoting *Spencer,* 523 U.S. at 18). The court continued:

> Hardy's release from prison has left us without a "case or controversy" to decide, and "[w]e are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."...
>
> Put simply, even assuming the district court lacked jurisdiction to revoke Hardy's supervised release, given Hardy's release from prison, there is no wrong to remedy and "an appeal should ... be dismissed ...

10

when, by virtue of an intervening event, a court of appeals cannot grant 'any effectual relief whatever' in favor of the appellant."...

*Id.* at 284-85 (quoting *Spencer,* 523 U.S. at 18, and *Calderon v. Moore,* 518 U.S. 149, 150 (1996) (per curiam) (in turn quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)).

Accordingly, the undersigned concludes that although petitioner's release from jail and the termination of his probation does not justify the dismissal of the petition as argued by respondent on exhaustion grounds, the Court lacks jurisdiction over this case because the petition no longer presents a live case or controversy under Article III of the Constitution.

Alternatively, assuming, *arguendo,* the Court has jurisdiction to consider the petition at this juncture, respondent's motion to dismiss should be granted because, as argued by respondent, petitioner's claims for relief plainly lack merit.

First, to the extent petitioner alleges in Grounds One and Two of the petition that he was denied his right to a speedy probation revocation hearing under the IAD, the Supreme Court has held that the IAD provision granting a prisoner in one state the right to demand the speedy disposition of "any untried indictment, information or complaint" that is the basis of a detainer lodged against him by another state does not apply to detainers based on probation violation charges. *Carchman v. New Jersey Dep't of Corrections,* 473 U.S. 716, 724-25 (1985). Indeed, absent a showing, which was not made here, that an alleged violation of the IAD amounts to "a fundamental defect which inherently results in a complete miscarriage of justice" and "present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is present,"such claim is not cognizable in a § 2254 proceeding. *See Metheny v. Hamby,* 835 F.2d 672, 673-75 (6th Cir. 1987), *cert. denied,* 488 U.S. 913 (1988). In any event, the only evidence in the record that petitioner may have requested a disposition of charges contained in a detainer lodged by the Butler County Clerk of Court, did not pertain to the case-at-hand but rather to another case involving charges of theft and contributing to the delinquency of a minor that was filed in 2000 in the Hamilton Municipal Court. *See supra* p. 5.

Second, petitioner's allegations in Grounds Three and Four of the petition of a double jeopardy violation fail to give rise to a viable claim for federal habeas relief. The courts, including the Sixth Circuit, have unanimously held that the Double Jeopardy Clause is not implicated when a term of supervised release is revoked and an additional term is imposed for violating the conditions of supervised release, because the revocation is not a new punishment "but rather is attributable to the original conviction." *Powell v. Wolfe,* No. 2:07cv00164, 2008 WL 1995214, at *6 (S.D. Ohio May 5, 2008) (unpublished) (Report & Recommendation) (Kemp, M.J.) (and numerous cases cited therein), *adopted,* 2008 WL 2491745 (S.D. Ohio June 17, 2008) (unpublished) (Holschuh, J.).

Moreover, to the extent petitioner claims in Grounds Three and Four that the trial court lacked jurisdiction to initiate the probation revocation proceedings in 2006 because the underlying criminal charge was dismissed six years earlier, his allegations are belied by the record. It is clear from the state court docket records submitted by respondent, as updated via the Butler County Clerk of Court's on-line docketing system, that petitioner's 1993 conviction and sentence in Case No. CR92-12-1059 for trafficking in counterfeit controlled substance with specification were never vacated or otherwise voided by any court. (*See* Doc. 23, Ex. 25).[9] The Hamilton Municipal Court may have dismissed separate charges brought against petitioner years later in 2000 for theft and contributing to the delinquency of a minor. However, that case does not pertain to the case-at-hand.

Accordingly, in sum, the undersigned concludes that the instant habeas petition is subject to dismissal with prejudice because (1) it appears that petitioner's claims for relief have been rendered moot by the termination of petitioner's probation and release from the Butler County Jail in October 2008; and (2) in any event, petitioner's claims for relief challenging probation revocation proceedings in Butler County Case No. CR92-12-1059 are plainly lacking in merit. Therefore, respondent's motion to dismiss (Doc. 23) should be **GRANTED.**

---

[9] In addition, it cannot be argued that the trial court lacked jurisdiction to bring the probation revocation charges or conduct proceedings on those charges because petitioner's sentence had expired. Petitioner's probation was tolled every time a new capias warrant issued for his arrest for absconding; therefore, his sentence remained in effect and the trial court retained jurisdiction over the case until the final order was filed in October 2008 releasing petitioner from the Butler County Jail and terminating his probation.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 23) be **GRANTED**, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) should be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's grounds for relief, which this Court has concluded are barred from review on jurisdictional grounds and, in any event, are plainly lacking in merit, because petitioner has not shown that reasonable jurists could debate whether the claims should have been resolved in a different manner or that the issues presented are "adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell,* 537 U.S. 322, 323-324 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000), in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 3/5/09
cbc

Timothy S. Black
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Warren Parks,
    Petitioner

vs                                       Case No. 1:08cv176
                                           (Spiegel, S.J.; Black, M.J.)

Ohio Attorney General, et al.
    Respondents

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).