```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

WARREN PARKS,                       :
       Petitioner,            :     NO. 1:08-CV-00176
                               :
                               :
  v.                                :
                               :     **OPINION AND ORDER**
                               :
OHIO ATTORNEY GENERAL, et al.,      :
       Respondents.           :
                               :
                               :


This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Respondents' Motion to Dismiss be granted and Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice (doc. 25). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

Pro se Petitioner Warren Parks, at the time of filing an inmate at Wayne County Jail in Richmond, Indiana, but presently a resident in Hamilton, Ohio, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2). Petitioner pled four grounds for relief: (1) "The court failed to have me tried within the 180 day rule. By failure to have me convicted in the 180 days, the respondent court has exceeded its jurisdiction, and all grounds are lost to [prosecuting] me again or to extradition of Petitioner;" (2) "In the year 2000 or 2001 I was at the Westville Correction, when [I] learned of a holder that was lodge[d] against

me out of Butler County Common Plea[s] Court[.] Then I filed for final disposition with the Clerk of Courts...in Hamilton, Ohio...The prosecutor failed to have me convicted within the time that the detainer allowed. All grounds for extradition are nulled by law;"(3) "In 2000 the case was ruled nulled then 6 years later they want to...try me for probation violation again. That['] s Double Jeopardy;" and (4) "This case is to be dismiss[ed] without prejudice. Not tried again 6 years later; that's double jeopardy" (Id.). Thereafter, Respondents filed a motion to dismiss, arguing the Petitioner had not exhausted an available state court remedy, or alternatively that Petitioner's claims for relief are plainly lacking merit (doc. 23).

In the Report and Recommendation, the Magistrate Judge considered Respondents' motion, and concluded that Petitioner's claims should be dismissed because Petitioner's claims challenging the probation revocation proceedings are moot, or alternatively, are plainly lacking merit (doc. 25). The Magistrate Judge noted that although Petitioner satisfied the "in custody" jurisdictional requirement in 28 U.S.C. § 2254 because he was in custody at the time the petition was filed, having now completed the sentence imposed upon revocation of supervised release, the Court lacks jurisdiction over the case because Petitioner failed to establish that an Article III case or controversy exists (Id.). Alternatively, the Magistrate Judge found that even if the Court

-2-

did have jurisdiction, Petitioner's arguments plainly lacked merit, citing Carchman v. New Jersey Dep't of Corrections, 473 U.S. 716, 724-25 (1985), in support of the findings on Grounds One and Two, and Powell v. Wolfe, 2008 WL 1995214 (S.D. Ohio May 5, 2008), in support of the finding on Grounds Three and Four (Id.). The Court, having fully considered this matter, finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.

The parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636(b), the COURT ADOPTS the Magistrate Judge's Report and Recommendation (doc. 25) in its entirety, and therefore GRANTS Respondents' Motion to Dismiss (doc. 23), and DISMISSES WITH PREJUDICE Petitioner's Writ of Habeas Corpus (doc. 2). Because Petitioner has not shown that reasonable jurists could debate whether the claims should have been resolved in a different manner

or that the issues presented are "adequate to deserve encouragement to proceed further," the Court DOES NOT issue a certificate of appealability in this case. Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal <u>in</u> <u>forma</u> <u>pauperis</u> upon a showing of financial necessity.

SO ORDERED.

Dated: April 14, 2009        /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge